(89 App. Div. 217.)

### LYNCH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  December 30, 1903.)

1. MASTER AND SERVANT—STREET RAILWAYS—PERSONAL INJURIES—CONTRIBU-
TORY NEGLIGENCE—QUESTION FOR JURY.

A railway conductor, who had been in the employment for three months,
called the attention of the starter to the fact that the wheel had fallen
out of the top of the trolley pole, and was instructed to proceed by al-
lowing the fork on the end of the pole to rest against and slide along
the wire, but to be careful in going over crossings or around curves.
While proceeding on a straight piece of track the pole became entangled
with a supporting wire and fell on the conductor.  *Held,* that the question
whether the conductor assumed the risk was properly submitted to the
jury.

2. APPEAL—MOTION FOR NEW TRIAL.

Where there is no appeal from an order denying a motion for new trial,
the appellant cannot raise the question that the damages were excessive.

Appeal from Trial Term, Kings County.

Action by James Lynch against the Brooklyn Heights Railroad
Company.  From a judgment for plaintiff, and from an order deny-
ing a motion to dismiss the complaint, defendant appeals.  Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-
BERG, and HOOKER, JJ.

I. R. Oeland, for appellant.

James C. Cropsey (F. W. Catlin, on the brief), for respondent.

WILLARD BARTLETT, J.  The plaintiff, a conductor engaged
in running an electric trolley car in the service of the defendant, was
injured by the fall of the trolley pole in consequence of its upper end
becoming in some manner entangled with the wire which furnished
the electric current for propulsion.  The wheel had fallen out of the
socket at the top of the trolley pole, and upon arriving at a point of
transfer on the defendant's road the plaintiff brought this fact to the
attention of the defendant's transfer agent and starter stationed
there, and asked whether he should go on with the car.  The starter
told him to go down to Ft. Hamilton, and to be careful, in going
over crossings or around curves, that he did not pull the wires down.
It seems that the car could be operated without the wheel at the
upper extremity of the trolley pole by allowing the fork from which
the wheel had fallen to rest against and slide along the electric wire.
While proceeding with the car in this way upon a straight piece of
track where there was no crossing, the pole got entangled with a
supporting wire which held up the principal electric wire at the point
of accident, and the pole was pulled from its socket on the top of the
car and fell upon the plaintiff, inflicting injuries for which the jury
have awarded him damages in the sum of $4,200.

There is no doubt that the wheelless trolley pole with which the
plaintiff was directed to go on and operate the car constituted an in-
complete and defective appliance for the doing of the plaintiff's work,
and the jury were warranted in inferring that the accident would not
have occurred in the absence of this defect.  The most serious ques-
tion presented by the appeal is whether the proof was such as to

demand the conclusion, as matter of law, that the plaintiff assumed the risk of operating the car without the trolley wheel. He had been in the employment of the defendant corporation only three months, and testified that he did not know that the trolley pole was bolted onto the top of the car loosely, so that, if it caught in the wire, the pole would pull out, rather than pull out the wire. He was not warned by the starter of the existence of any danger that the pole might come down upon him, but was merely told to be careful not to pull the wire down in going around curves or over crossings. If it appeared without contradiction that the servant knew the character of the appliances, and the dangers to be incurred, and the method of operating them in their incomplete or defective condition, it would have to be held as matter of law that he assumed the risk of exposing himself to such dangers. Walters v. Fuller Co., 74 App. Div. 389, 395, 77 N. Y. Supp. 681. Upon the proof in the present case, however, I think the question whether the plaintiff assumed the risk of such an accident as actually occurred could not be determined as matter of law, but was properly submitted to the jury.

The only other point requiring notice is the claim that the damages were excessive. The appellant, however, is not in a position to raise this question, as there is no appeal from an order denying a motion for a new trial. See Blohm v. Bamber (City Ct. Brook.) 10 N. Y. Supp. 98.

I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.